IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

v.

CESAR ARBELAEZ TABARES,
JUAN CARLOS BAZANTES,

Defendants.

CRIMINAL ACTION NO.
1:15-CR-0277-SCJ-JFK

## ORDER

This matter appears before the Court for consideration of a June 3, 2016 Report and Recommendation ("R&R") (Doc. No. [71]), in which The Honorable Janet F. King, United States Magistrate Judge, recommended that Defendants' Motion to Suppress (Doc. No. [28])[1] and their Motions to Dismiss various counts (Docs. No. [27], [29]) be denied. Defendants also object to Magistrate Judge King's decisions to deny their Motion for Discovery (Doc. No. [31]) and Motion for a Bill of Particulars (Doc. No. [32]). See Doc. No. [71], pp. 39–48, 90–94. Pursuant to 28 U.S.C. § 636(b)(l) and Federal Rule of Criminal Procedure 59(b)(2), Defendants timely filed their objections. Docs. No. [79], [80]. The Court has read the transcript of the suppression hearing in this case, as it is required to do, and this matter is now ripe for

---

[1] Defendants raise no objections to the Magistrate Judge's recommendation that the Court deny their Motion to Suppress. See Docs. No. [79], [80].

AO 72A
(Rev.8/82)

consideration. See United States v. Elsoffer, 644 F.2d 357, 358 (5th Cir. 1981) (*per curiam*).

I.    BACKGROUND

Defendants are indicted on 12 counts. Doc. No. [1]. The first count charges that Defendants engaged in a conspiracy to (a) defraud the United States by impeding the lawful government functions of the Internal Revenue Service ("IRS") through evasion of employment taxes and (b) knowingly and willfully submit false certified payroll forms to the Centers for Disease Control and Prevention ("CDC"). Id. pp. 1–2, ¶1. Defendants are officers of IWES Drywall, Inc. ("IWES"), a company that provides drywall laborers to contractors and subcontractors. Id. p. 2, ¶¶2–4. IWES entered into a contract with M.E., a subcontractor on a federally funded construction project with the CDC, and agreed to supply drywall laborers for the project. Id. p. 3, ¶7.

The indictment alleges that Defendants maintained a spreadsheet with two categories of workers. Id. ¶8. One set of workers—classified as "W2.REAL"—received one paycheck per pay period, with employment taxes properly withheld, and were reported on Defendants' quarterly employment tax returns. Id. pp. 3–4, ¶¶8–9. The other set of workers—classified as "W2.F.2CHK" — received a paycheck that purportedly withheld employment taxes. Id. p. 4, ¶10. However, these workers also simultaneously received a second paycheck in an amount equal to the employment taxes allegedly withheld. Id. The

2

"W2.F.2CHK" workers were not reported on IWES's quarterly employment tax returns filed with the IRS. Id. The Government alleges that "all of the IWES workers on the CDC construction project . . . were employees of IWES and should have been reported on IWES's quarterly employment tax returns." Id. ¶11. IWES submitted certified payroll forms to M.E., which were transmitted to the CDC, containing the false representation that employment taxes were withheld for all of the IWES workers on the CDC project. Id. ¶12.

In Counts 2 through 6 Defendants are charged with violations of 26 U.S.C. § 7202 by allegedly failing to collect and pay over employment taxes for the "W2.F.2CHK" workers. Id. pp. 6–7, ¶¶21–22. In Counts 7 through 12 Defendants are charged with violations of 18 U.S.C. § 1001(a)(3) by submitting allegedly false documents to the CDC in the form of certified payrolls indicating that employment taxes were withheld for all IWES workers on the CDC project. Id. pp. 7–8, ¶¶23–24. Defendants' Motions to Dismiss challenge the substantive counts — Counts 2 through 12.

## II. LEGAL STANDARD

### A. Objections to an R&R

As to the R&R's recommendations that the Court deny the Motions to Dismiss and the Motion to Suppress, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

3

objection is made." 28 U.S.C. § 636(b)(1). As to the R&R's denial of Defendants' Motion for Discovery and Motion for a Bill of Particulars, Defendants must demonstrate "that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A).

**B. <u>Motions to Dismiss an Indictment</u>**

In deciding a Motion to Dismiss charges in an indictment, the Court must determine whether "the factual allegations in the indictment, when viewed in the light most favorable to the government, [are] sufficient to charge the offense[s] as a matter of law." <u>United States v. deVegter</u>, 198 F.3d 1324, 1327 (11th Cir. 1999). The focus is on the facts alleged in the indictment itself, not outside facts presented by Defendants or facts that need to be developed at trial. <u>See</u> <u>United States v. Sharpe</u>, 438 F.3d 1257, 1263 (11th Cir. 2006); <u>United States v. Plummer</u>, 221 F.3d 1298, 1302 n.3 (11th Cir. 2000). An indictment "must be sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecution for the same offense." <u>United States v. Cole</u>, 755 F.2d 748, 759 (11th Cir. 1985). To clear this bar, the indictment need only include language "set[ting] forth the essential elements of the crime." <u>Id.</u>

4

III.  ANALYSIS

   A.   **Motions to Dismiss the Indictment**

      1.   *Counts 2 through 6*

As noted above, Counts 2 through 6 charge Defendants with violations of 26 U.S.C. § 7202. A conviction under § 7202 requires proof that the defendant: (1) had a duty to collect, account for, or pay over a tax; (2) knew of the duty; and (3) willfully failed to collect, account for, or pay over the tax. United States v. Evangelista, 122 F.3d 112, 121 (2d Cir. 1997). In support of their argument that the Court should dismiss Counts 2 through 6, Defendants raise three objections. First, they argue that the indictment does not sufficiently alleged that Defendants had a duty to withhold payroll taxes. Doc. No. [80], pp. 4–6. Second, they contend that their substantive and procedural due process rights were violated because they were not given an opportunity to contest reclassification of their workers in the United States Tax Court before being charged with Counts 2 through 6. Id. pp. 7–8. Finally, Defendants assert that the government presented an incorrect statement of law to the grand jury. Id. p. 8. The Court addresses each of these objections in turn.

The indictment specifically alleges that "all of the IWES workers on the CDC construction project . . . were employees of IWES and should have been reported on IWES's quarterly employment tax returns." Doc. No. [1], p. 4, ¶11. Defendants flatly assert that this "is not an allegation of fact." Doc. No. [80], p. 6. It is. The Government

5

alleges that the IWES workers were employees, and thus sufficiently alleges that Defendants had a duty to withhold payroll taxes. Defendants disagree with this assessment and tried to submit evidence to the Magistrate Judge to show that the "W2.F.2CHK" workers were actually independent contractors. See Doc. No. [71], p. 7; see also Doc. No. [30], pp. 18–19. But a motion to dismiss is not a vehicle for challenging the sufficiency of the Government's evidence. Sharpe, 438 F.3d at 1263. The indictment need only "contain the elements of the offence intended to be charged, and sufficiently appraise the defendant of what he must be prepared to meet." Id. Defendants seem to fully appreciate the Government's charges against them, as they have already tried to submit evidence to disprove those charges. Moreover, the indictment is clearly sufficient as to the tax charges because if the Government ever attempted to prosecute Defendants for failing to withhold employment taxes for the "W2.F.2CHK" workers on this CDC project, Defendants would be prepared "to plead double jeopardy." See Cole, 755 F.2d at 759.

Defendants' argument that their substantive and procedural due process rights were violated because they were not first given an opportunity to contest reclassification of the workers fairs no better. First and foremost, Defendants cite no authority for the proposition that an indictment charging tax crimes must be dismissed if the employer was not given the opportunity to contest the

6

reclassification of workers. See Doc. No. [80], pp. 6–8. The only case they cite, United States v. Solomon, 437 F.2d 110, 110 (5th Cir. 1971), involved an IRS summons, not a criminal prosecution. See Doc. No. [80], pp. 6–8; Solomon, 437 F.2d at 110. Indeed, as mentioned by the Magistrate Judge, the Eleventh Circuit has never affirmed the dismissal of an indictment on the grounds Defendants' assert—a fact they nowhere address in their objections. See Doc. No. [71], p. 24; see also United States v. Jayyousi, 657 F.3d 1085, 1111 (11th Cir. 2011); Doc. No. [80], pp. 6–8. Counts 2 through 6 allege that Defendants knowingly and willfully failed to withhold employment taxes for certain workers. Doc. No. [1], pp. 6–7, ¶¶21–22. Defendants' argument that they did not know they needed to withhold employment taxes and should have been given notice and an opportunity to challenge that assessment is a defense for trial, not a motion to dismiss.

Finally, Defendants argue that the indictment should be dismissed because it "is premised upon an incorrect statement of law that workers on government contracts must be employees for tax purposes." Doc. No. [80], p. 8. Defendants present no evidence in support of their contention that the Government "presented that incorrect statement of law to the Grand Jury." Id. The fact that the Government argued the IWES workers on the CDC project in this case were employees is simply not evidence that they told the grand jury that all workers on every government

7

project must be treated as employees for tax purposes. See Doc. No. [1], p. 4, ¶11. Thus, for the reasons articulated by Magistrate Judge King, it would be improper to dismiss the indictment based on the Court's supervisory power. See Doc. No. [71], pp. 31–39.

### 2. *Counts 7 through 12*

As mentioned above, Counts 7 through 12 charge Defendants with violations of 18 U.S.C. § 1001(a)(3). A violation of that statute requires a showing "(1) that the defendant made a false statement; (2) that the statement was material; (3) that the defendant acted with specific intent to mislead; and (4) that the matter was within the purview of a federal government agency." United States v. Rosario, 520 Fed. App'x 928, 929 (11th Cir. 2013). Of these elements, Defendants challenge the second — materiality — and the fourth — jurisdiction. Doc. No. [79], pp. 3–8.

Defendants argue that the statutes requiring them to certify their payroll forms for the CDC project do not "require the paying, collecting, or reporting of taxes," and thus contend that the alleged lies about withholding employment taxes cannot be material, as a matter of law. Id. pp. 4–5. But Magistrate Judge King correctly noted that the materiality of a statement is an issue for the jury to decide. See Doc. No. [71], pp. 14–16; see also Rosario, 520 Fed. App'x at 929 (citing United States v. Gaudin, 115 S. Ct. 2310, 2320 (1995)). Defendants nowhere address the Magistrate Judge's

AO 72A
(Rev.8/82)

well-reasoned analysis, but simply rehash their arguments about materiality, which are to be decided by a jury at trial, not this Court on a motion to dismiss. See Doc. No. [80], pp. 4–5.

Defendants also contend that their false statements were not "within the purview of a federal government agency" because the payroll forms were submitted to a private company, M.E., not to the CDC. See id. pp. 5–8. But in United States v. Herring, 916 F.2d 1543 (11th Cir. 1990), the Eleventh Circuit held that "false statements need not be presented to an agency of the United States and that federal funds need not actually be used to pay a claimant for federal agency jurisdiction to exist under section 1001." Id. at 1547 (citing United States v. Suggs, 755 F.2d 1538, 1542 (11th Cir. 1985)); see also Doc. No. [71], p. 20. Defendants assert that the holdings of Herring and Suggs were "rejected" by United States v. Blankenship, 382 F.3d 1110 (11th Cir. 2004). Doc. No. [79], pp. 5–6. But even where there is apparent conflict between Eleventh Circuit precedents, Courts are to "distill from apparently conflicting prior panel decisions a basis of reconciliation and to apply that reconciled rule," if at all possible. United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir. 1993).

Here, it is easy to reconcile the case law because, as Defendants themselves recognize, Blankenship does not even mention either Herring or Suggs. See Doc. No. [79], p. 6; see also Blankenship, 382 F.3d 1110. Magistrate Judge King thoroughly

AO 72A
(Rev.8/82)

explained why Blankenship and Lowe v. United States, 141 F.2d 1005 (5th Cir. 1944), the other case relied on by Defendants, do not support Defendants' argument that a false statement must have allegedly been made directly to a federal agency to avoid dismissal. Doc. No. [79], pp. 17–20. In both Blankenship and Lowe, the allegedly false statements were made by an employee to his private employer and, although federal funds were involved, the federal agencies had no authority or control over the employees who allegedly made the false statements. Blankenship, 382 F.3d at 1136-37; Lowe, 141 F.2d at 1006. As demonstrated by Blankenship and Lowe, a determination of whether the false statements were "within the purview of a federal government agency" generally involves a fact intensive inquiry, not appropriately addressed in a motion to dismiss. See Sharpe, 438 F.3d at 1263; Rosario, 520 Fed. App'x at 929.

This interpretation of 18 U.S.C. § 1001 accords with Supreme Court precedent. In United States v. Rodgers, 466 U.S. 475, 104 S. Ct. 1942, 80 L. Ed. 2d 492 (1984), the Supreme Court held that the jurisdictional requirement of § 1001 should "not be given a narrow or technical meaning." 466 U.S. at 480. The statute applies whenever the false statements concern the "authorized functions of an agency or department" and applies to "myriad governmental activities." Id. "[T]he key issue in determining whether a statement is within the government's jurisdiction is the authority of the

AO 72A
(Rev.8/82)

agency to act." Blankenship, 382 F.3d at 1137. The question of whether the CDC had authority over IWES, and thus whether IWES's allegedly false statements fall within "the authority of the agency to act," is a factual one for the jury to decide. See id. at 1336–37 (deciding, based on the factual evidence developed at a trial, that the defendant's false statements to his employer did not fall within the authority of the federal agency). In short, Magistrate Judge King correctly recommended the denial of Defendants' Motions to Dismiss.

**B.     Motion for Discovery**

Defendants also object to the denial of their Motion for Discovery (Doc. No. [31]) requesting evidence concerning the prosecution or non-prosecution of similar violations. Doc. No. [79], pp. 9–11. Because the Magistrate Judge denied this motion pursuant to her authority under 28 U.S.C.A. § 636(b)(1)(A), Defendants must show that Magistrate Judge King's decision was "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). Defendants do not argue that the decision was contrary to law, but rather acknowledge that Judge King correctly identified United States v. Armstrong, 517 U.S. 456, 116 S. Ct. 1480, 134 L. Ed. 2d 687 (1996) as the standard for deciding the motion. See Doc. No. [79], p. 9. Armstrong requires a defendant to "demonstrate that the federal prosecutorial policy 'had a discriminatory effect and that it was motivated by a discriminatory purpose.'" 516 U.S. at 465.

11

Defendants baldly state that they object to the finding that they did not meet their burden of proof, but do not rebut the Magistrate Judge's reasons for finding that their evidence did not satisfy the burden. See Doc. No. [79], p. 11. Their "evidence" simply shows that different people in different circumstances have or have not been prosecuted for various crimes, but they do not even purport to have any evidence that the prosecutorial decisions were motivated by a discriminatory purpose. See id. pp. 9–11. Defendants in no way demonstrate that Magistrate Judge King's factual findings as to their Motion for Discovery were clearly erroneous. See Doc. No. [71], pp. 46–48.

C. **Motion for Bill of Particulars**

Defendants also object to the denial of their motion for a bill of particulars. See Doc. No. [80], pp. 8–9. Again, they must demonstrate that the Magistrate Judges' decision was either "clearly erroneous or contrary to law." 28 U.S.C.A. § 636(b)(1)(A). Far from doing this, Defendants simply repeat their assertion that the indictment contains "no factual allegations showing the basis for the [G]overnment's claim" that IWES workers were employees. See Doc. No. [80], pp. 8–9. As Magistrate Judge King explained, a bill of particulars is to inform a defendant of the charges against him, not to force the Government to give a detailed exposition of the evidence it intends to present at trial. See Doc. No. [71], pp. 91–93; see also United States v. Roberts, 174 F. App'x 475, 477 (11th Cir. 2006). As the Court concluded above, Defendants are

12

AO 72A
(Rev.8/82)

well aware of the charges against them. The Government is not required to provide Defendants with a precise account of all the evidence it will submit at trial in support of its allegation that the IWES workers on the CDC project were employees. See Roberts, 174 F. App'x at 477. Magistrate Judge King properly denied the Motion for a Bill of Particulars. See Doc. No. [71], pp. 90–94.

## IV. CONCLUSION

Accordingly, the R&R (Doc. No. [71]) is **ADOPTED** as the order of the Court, and Defendants' objections to the R&R (Docs. No. [79], [80]) are **OVERRULED**. The Magistrate Judge's rulings on Defendants' Motion for Discovery (Doc. No. [31]) and their Motion for a Bill of Particulars (Doc. No. [32]) are **AFFIRMED**. Defendant's Motion to Suppress (Doc. Nos. [28]) and their Motions to Dismiss (Docs. No. [27], [29]) are **DENIED**.

**IT IS SO ORDERED**, this 10th day of May, 2017.

*Steve C. Jones*
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

13

AO 72A
(Rev.8/82)